REDMANN, Judge.
From a judgment awarding plaintiff workmen’s compensation benefits for permanent and total disability plus some penalties and attorney’s fees, defendant appeals. Plaintiff neither appealed nor answered defendant’s appeal.
An accident did occur in which plaintiff hurt his back. Defendant paid maximum compensation for 25 weeks thereafter, but discontinued payments because of a physician’s recommendation plaintiff return to work.
The principal questions are whether plaintiff is permanently and totally disabled within the meaning of LSA-R.S. 23:1221, and, if so, whether defendant’s discontinuance of compensation payments was “arbitrary, capricious, or without probable cause”, R.S. 23:1201.2.
The preponderance of the medical evidence is that plaintiff is suffering from a back condition with objective symptoms and reactions to neurological testing characteristic or at least suggestive of a ruptured lumbar intervertebral disc, and that the condition is consistent with that which could have been caused by plaintiff’s accident at his employment.
Diagnostic myelography to confirm the ruptured disc was recommended but declined by plaintiff because of fear of the procedure. Whether plaintiff’s condition is a ruptured disc or something else, however, the preponderance of medical opinion is that he should not do heavy work. Even one of defendant’s experts, by time of trial, at least agreed that plaintiff’s symptoms were more severe than a simple back sprain, and would not recommend heavy work.
Plaintiff’s employment as a freight loader is that of the common laborer. His disability to do heavy work qualifies him for benefits for permanent and total disability; Easterling v. Employers Liab. AsSur. Corp., 203 So.2d 852 (La.App.1967), writ refused 251 La. 744, 206 So.2d 94.
But we are of the opinion that defendant’s discontinuance of compensation *59 payments was not arbitrary, capricious or without probable cause, and thus the penalties and attorney’s fees authorized by R.S. 23:1201.2 should not be imposed. At the time of discontinuance, defendant had received the opinion of a neurosurgeon that plaintiff “does not now have evidence of active injury or disease of the lumbar spinal cord or nerve roots. I do not recommend any further neurological diagnostic studies and I see no reason why he cannot return to his usual and customary occupation at this time.”
Accordingly, the judgment appealed from is reversed and set aside insofar as it awarded penalties and attorney’s fees, and it is affirmed in all other respects.
Reversed in part; affirmed in part.